UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHAD EDWARD LEATHERMAN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>(1) CORECIVIC, INC., a foreign for-profit corporation; et al.<br><br>    Defendants. | Case No. 21-cv-065-GKF-JFJ |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT DEFENDANTS' MOTION TO TRANSFER**

COMES NOW the Plaintiff, Chad Edward Leatherman, by and through his attorneys of record, and respectfully requests that the Court deny the motion to transfer filed by Defendants. Defendants have not met heavy burden to establish that the Western District of Oklahoma would be more convenient for the parties or witnesses under 28 U.S.C. § 1404(a). Therefore, the Court should deny Defendants' motion. In support, Plaintiff states the following:

**INTRODUCTION**

This case arises as a result of injuries Plaintiff suffered while incarcerated at Defendant Corecivic's facility. Plaintiff was injured when, after Corecivic inexplicably removed a ladder from Plaintiff's bunk, Plaintiff fell while attempting to climb into his top bunk. Plaintiff was further injured by Defendants' deliberate indifference to Plaintiff's medical needs following the fall. Plaintiff filed this action against Corecivic and Corecivic's staff, alleging claims for negligence and violation of Plaintiff's constitutional rights.

Plaintiff chose to file this action in this District because, as Defendants readily admit, Corecivic resides in this District, and therefore, Plaintiff's choice of venue is proper under 28 U.S.C. §§ 1391(b)(1)[1] and 1391(c)(2)[2].

Despite Plaintiff's valid choice to file this District, Defendants moved to transfer this action, allegedly for convenience, to the Western District of Oklahoma, on the basis that Plaintiff resided in Corecivic's Cimarron Correctional Facility ("Cimarron")[3] at the time of his injuries. However, the Cimarron facility has a troubled history as set forth in the Complaint, including hosting the deadliest prison fight in state history, and had to be *closed* in 2020. No witnesses or records remain at the Cimarron facility.

Defendants' request to transfer this case to a Court a mere hour and a half away is not really about convenience. Rather, it is about Defendants' belief that the Western District will be a *more favorable* venue for them, which is an inappropriate basis to transfer a case. Defendants clearly fail to meet their heavy burden to demonstrate that the Western District would be more convenient to the parties. The factors favor the Court deferring to the Plaintiff's valid choice of forum. As such, the Court should deny Defendants' motion to transfer.

---

[1] 28 U.S.C. § 1391(b)(1) states:

A civil action may be brought in—
 (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.

[2] 28 U.S.C. § 1391(c)(2) states:

an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business

[3] Cimarron is located in Cushing, Oklahoma – within the Western District.

## ARGUMENT AND AUTHORITIES

Defendants move the Court to transfer this case to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a). Under section 1404(a), a court may, "[f]or the convenience of parties and witnesses, in the interest of justice ... transfer any civil action to any other district or division where it might have been brought." "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. . . . ***However, merely shifting the inconvenience from one side to the other is not a permissible justification for a change of venue.***" *Morrison Construction Co. v. BluRock Concrete, LLC*, 380 F. Supp. 3d 1155, 1161 (N.D. Okla. 2019) (internal citations omitted) (emphasis added).

In considering a motion to transfer under § 1404(a), the court must weigh the following discretionary factors:

1. the plaintiff's choice of forum;

2. the accessibility of witnesses and other sources of proof, including the availability of compulsory process to ensure attendance of witnesses;

3. the cost of making the necessary proof;

4. questions as to the enforceability of a judgment if one is obtained;

5. relative advantages and obstacles to a fair trial;

6. difficulties that may arise from congested dockets;

7. the possibility of the existence of questions arising in the area of conflict of laws;

8. the advantage of having a local court determine questions of local law; and

9. all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Morrison Construction Co. v. BluRock Concrete, LLC*, 380 F. Supp. 3d 1155, 1161 (N.D. Okla. 2019) (citing *Emplrs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010)).

As discussed below, not only do the following factors in this case not favor transfer, but they favor keeping the case in this District.

### 1. Plaintiff's Choice of Forum

Defendants incorrectly argue that Plaintiff's choice of forum favors transfer. That is contrary to law. Plaintiff concedes that he does not currently reside in the Northern District.[4] However, Corecivic, Plaintiff's counsel, and Defendants' counsel, all reside in the Northern District. Plaintiff elected to file in this district because it is the most convenient forum for him and his counsel, particularly in light of the fact that the Cimarron facility is now closed and the established ease with which discovery is conducted using current technology. Because Defendants have failed to establish transfer under the other factors, the Court should continue to defer to Plaintiff's choice of forum. "[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *See Morrison*, 380 F. Supp. 3d at 1161 (citing *Emplrs. Mut. Cas. Co.*, 618 F.3d at 1167-68).

### 2. The Accessibility of Witnesses and Other Sources of Proof, Including the Availability of Compulsory Process to Ensure Attendance of Witnesses.

The accessibility of witnesses weighs in favor of keeping the case in the Northern District. Defendants have not established that accessibility of witnesses and other sources of proof weigh in favor of transferring this case. To demonstrate inconvenience to witnesses:

> the movant must ***(1) identify the witnesses and their locations; (2) "indicate the quality or materiality of the[ir] testimony"; and (3) "show[ ] that any such witnesses were unwilling to come to trial ... [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary."*** *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)(brackets omitted) (internal quotation marks omitted); *see* 15 Wright, Miller & Cooper, *supra* note 13, § 3851, at 227–28 ("If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, ... the application for transferring the

---

[4] Plaintiff currently resides at the Davis Correctional Facility in Holdenville, Oklahoma, located in the Eastern District of Oklahoma.

case should be denied...."); 17 Moore, *supra*, § 111.13[f][v] ("The materiality of the prospective witnesses [sic] testimony, and not merely the number of prospective witnesses, will determine the extent to which their convenience will be weighed." (citation omitted)).

*Emplrs. Mut. Cas. Co.*, 618 F.3d at 1169 (Emphasis added their  In its motion, all Defendants did inform the Court that the Doe Defendants and Defendant Sizemore worked at Cimarron[5] while Plaintiff was injured. That fact alone should have little bearing because, even though the Cimarron facility is located in the Western District, the facility is now closed ***and, in any event, was actually closer to this Court than to the Western District***.[6] Further, Defendants have not indicated the materiality of the witnesses' testimony, have not shown that the witnesses are unwilling to come to Tulsa for trial, and have not demonstrated that the use of compulsory process would be necessary or unavailable. Defendants merely makee a general, conclusory allegation that necessary witnesses are located in the Western District. Therefore, the Court should deny Defendants' motion. *See, Emplrs. Mut. Cas. Co.*, 618 F.3d at 1169 (citing 15 Wright, Miller & Cooper § 3851, at 227–28 ("If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, . . . the application for transferring the case should be denied. . . .").

   3. **Cost of Making Necessary Proof**.

Like the accessibility of witnesses factor, this factor weighs against transfer. Defendants have not demonstrated how discovery from witnesses in Payne County (or even Oklahoma City, a mere 100 miles away) would increase costs in the Northern District. Further, as the COVID 19

---

[5]   The Cimarron facility is closed, so there is no telling if any of these witnesses, outside of Defendant Sizemore, still reside in the Western District.

[6]   *See* google maps for the distance between the Cimarron facility and Northern and Western Districts attached hereto as Exhibit 1.

pandemic has demonstrated, the parties are more than capable of obtaining and sending documentary discovery electronically. Though not preferred, the parties can take depositions remotely. In any event, Defendants present no actual evidence, beyond mere conjecture, concerning the potential costs of litigating in this District versus the Western District. Therefore, this factor weighs against transfer. *See, Emplrs. Mut. Cas. Co.*, 618 F.3d at 1169 (Defendant's "argument fail[ed] to justify a transfer because the record contain[ed] no evidence concerning the potential costs of litigating the case in the [forum]").

### 4. Questions as to the Enforceability of a Judgment if One is Obtained and Relative Advantages and Obstacles to a Fair Trial.

These factors weigh against transfer. Defendants admit they "are not asserting that the United States District Court for the Northern District of Oklahoma would not provide a fair trial. Defendants are not raising questions of the enforceability of a judgment against them." Dkt. #7, at p. 6. Further Defendants admit this Court is experienced in "applying the substantive laws of Oklahoma to inmate litigation and [is] quite capable of considering the applicable Oklahoma Department of Corrections policy regarding inmate grievances and administrative remedies, OK DOC OP-090124, and determining whether an inmate first properly exhausted administrative remedies." Dkt. #7, at pp. 5-6. Therefore, because there is zero benefit for enforceability or fair trial by transferring, this factor weighs against transfer.

### 5. Difficulties That May Arise from Congested Dockets.

Defendants assert that this case may have more difficulties in the Northern District because of the burden placed on the Northern District by the Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. ___, 140 S. Ct. 2452, 207 L.Ed.2d 985 (2020). However, it is the experience and belief of the undersigned that this Court has been, and will continue to, manage its docket in a fair and reasonable manner. Moreover, *McGirt* has impacted all the federal districts in Oklahoma,

including the Western District.  For example, the Oklahoma Court of Criminal Appeals recently overturned the sentence of a Defendant from the Chickasaw Nation.  *See Bosse v. State,* 2000 OK CR 3. The Chickasaw Nation lies partially within the Western District.[7]  This factor is a wash and does not weigh in favor of transfer.

### 6. Conflict of Laws.

This factor receives "less weight when the case involves 'relative[ly] simpl[e]' legal issues," like Plaintiff's.  *Emplrs. Mut. Cas. Co.*, 618 F.3d at 1169.  Yet, Defendants somehow state that this factor favors transfer while admitting that the Northern District and the Western District are both equally capable of handling Plaintiff's claims. Defendants' only real contention is that the now-defunct Cimarron facility is located in the Western District. That fact does not support transfer in any way.  Both the Western and Eastern District will be applying Tenth Circuit and U.S. Supreme Court precedent on Plaintiff's 1983 claims.

Additionally, both courts will be applying Oklahoma substantive law on the state law claims. This is not a case where Defendant is seeking to transfer to a district in a different state that would apply different state law and possibly federal precedent.  Both Courts would be applying the same law, and, as Defendants readily admit, both Courts are more than capable. Therefore, this factor does not favor transfer.

### 7. Local Court Making Local Law

This factor is a wash at best. As discussed *supra*, this is not a case of courts in different states applying different substantive laws. Both Courts would apply the same substantive law, and, as Defendants readily admit, both Courts are more than capable of handling Plaintiff's claims.

---

[7] *See* Chris Casteel, *Oklahoma Court Says Cherokee, Chickasaw Reservations Still Exist*, The Oklahoman (March 12, 2001) https://www.oklahoman.com/story/news/2021/03/11/oklahoma-court-says-cherokee-chickasaw-reservations-still-exist/6947830002/ attached hereto as Exhibit 2.

Further, any concern with having the Norther District hear a case involving Cimarron should be mitigated by: 1) the fact that the facility is closed; and, 2) when it was open, the facility was actually closer to the Northern District Courthouse.

**8. Other Considerations**.

Finally, Defendants have "not claimed that any other practical considerations would make litigation in [Western District] more easy, expeditious, or economical than litigation in [Northern District]. If anything, Defendants note that any remaining factors are "neutral or irrelevant." *Emplrs. Mut. Cas. Co.*, 618 F.3d at 1170.

## CONCLUSION

Defendants have not met their burden under section 1404(a) to demonstrate that the Western District would be a more convenient forum for trying action. Therefore, the Court should deny their motion to transfer.

WHEREFORE, premises considered, for the reasons set forth above, Plaintiff respectfully requests this Court deny Defendants' Motion to Transfer.

Respectfully submitted,

**SMOLEN LAW, PLLC**

/s/Dustin J. Vanderhoof
Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA #22619
Dustin J. Vanderhoof, OBA #21388
John W. Warren, OBA #33635
611 S. Detroit Ave.
Tulsa, OK 74119
(918) 777-4LAW (4529)
(918) 890-4529 (Fax)
don@smolen.law
laura@smolen.law
dustin@smolen.law
jack@smolen.law
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to ECF registrants entered in this case.

/s/Dustin J. Vanderhoof
Dustin J. Vanderhoof