# THE OKLAHOMAN

NEWS

# Oklahoma court says Cherokee, Chickasaw reservations still exist

**Chris Casteel** Oklahoman
Published 10:32 a.m. CT Mar. 11, 2021 | Updated 8:48 a.m. CT Mar. 12, 2021

The Oklahoma Court of Criminal Appeals formally recognized the Cherokee and Chickasaw reservations on Thursday and ruled that the state of Oklahoma has no criminal jurisdiction in cases involving tribal members on those reservations.

The court issued two separate rulings based on the U.S. Supreme Court's decision last July that the Muscogee (Creek) Nation's reservation was never formally disestablished and that the federal government has jurisdiction over major crimes involving members of tribes there.

The rulings have been expected since the high court's decision in the McGirt case, and they represent a huge step in transforming criminal justice in eastern Oklahoma.

Rulings regarding the Choctaw and Seminole reservations are expected soon and will complete the recognition process of the Five Tribes' reservations.

In the next few months, hundreds of convictions in state cases involving non-tribal members will likely be overturned, and the federal government and the Five Tribes will bear responsibility for a much bigger share of law enforcement in the state.

Though the federal government and tribes will file their own charges against many of the inmates released from state prisons, some cases will likely be too difficult to prosecute because evidence has aged and witnesses aren't available, the Oklahoma Attorney General's office has warned.

Some state and tribal leaders want congressional permission to negotiate compacts allowing the state to share criminal jurisdiction.

The Court of Criminal Appeals rulings on Thursday included overturning the conviction of death row inmate Shaun Michael Bosse, who is not a member of a tribe and was found guilty of murdering Katrina Griffin and her two children in 2010 in McClain County. Griffin and

**EXHIBIT 2**

her children were members of the Chickasaw Nation, and McClain County is in the Chickasaw reservation.

The court rejected Oklahoma Attorney General Mike Hunter's argument that the state could have concurrent jurisdiction in the Bosse case because Bosse is not part of a tribe. The court said Bosse's victims were and the crime was committed in Indian Country.

"The federal government, not the state of Oklahoma, has jurisdiction to prosecute (Bosse)," the court said.

Federal prosecutors are expected to file murder charges against Bosse.

The court's recognition of the Cherokee reservation came in the case of Travis Hogner, who was convicted in Craig County of possessing a firearm after a former felony conviction. The appeals court agreed with the Craig County district court decision that, in the wake of McGirt, the state did not have jurisdiction to prosecute Hogner.

The U.S. Supreme Court's ruling in the McGirt case in July — that Congress had never officially disestablished the Creek reservation — was expected to apply to the other members of the Five Tribes because of their similar histories.

Also referred to as the Five Civilized Tribes, the Cherokees, Chickasaws, Choctaws, Creeks and Seminoles were forcibly removed from their homes in Southern states in the 1830s and relocated to Indian Territory, what is now Oklahoma.

Their governments were weakened and authority diminished before Oklahoma became a state in 1907. However, the U.S. Supreme Court ruled in the McGirt case that the steps Congress took to diminish the reservations did not disestablish them.

State district courts last year applied the McGirt ruling to cases in the historic reservations of the other four tribes. The Court of Criminal Appeals on Thursday upheld the district court rulings in cases from the Cherokee and Chickasaw reservations.

**Tribal leaders, Hunter react**

The Cherokee Nation's reservation covers all or part of 14 counties, while the Chickasaw reservation covers 13 counties.

Chickasaw Nation Governor Bill Anoatubby issued an executive proclamation in response to the Bosse decision stating that the ruling affirms "what we have always known: The Chickasaw people continue, and so too does our treaty homeland."

**EXHIBIT 2**

Anoatubby took executive actions on Thursday aimed at formalizing the Chickasaw Nation's authority and responsibilities, and the governor cited preparations already made.

"We have enhanced our criminal code, expanded our court system and reinforced our relationships with federal, state and local law enforcement agencies to ensure we maintain law and order in the Chickasaw Nation," Anoatubby said.

Cherokee Nation Principal Chief Chuck Hoskin Jr. said Thursday, "For more than a century, the state of Oklahoma has prosecuted criminal cases where the U.S. Supreme Court has ruled the state did not have jurisdiction.

"We are committed to ensuring our citizens — as well as our friends and neighbors in Oklahoma — are protected, which is why we have been preparing for expected case dismissals and are ready to take action to help victims and their families and, wherever possible, file charges in our courts."

The Cherokee Nation has already refiled more than 300 cases slated for state dismissal in tribal courts and expects other cases to be refiled by the U.S. attorneys' offices.

Hunter said the court's rulings reinforced the need for Congress to step in and allow tribes and the state to make agreements on criminal jurisdiction. Anoatubby and Hoskin also reiterated their support for Congress granting that authority.

Hunter said, "We have successfully compacted on important issues, but compacting on criminal jurisdiction requires federal legislation first. Crimes are being committed every day on lands now recognized to be reservations, and today's decisions only place greater burdens on federal resources that are already stretched."

**Federal prosecutors say they're prepared**

Bosse was the second death row inmate to have his conviction overturned in the wake of the McGirt decision.

The first was Patrick Murphy, a member of the Muscogee (Creek) Nation, whose appeal was heard by the U.S. Supreme Court before the McGirt case. The high court deadlocked 4-4 on the Murphy case after Justice Neil Gorsuch recused himself. The court then took up the case of Jimcy McGirt, an Indian convicted of raping a young girl. McGirt's crime, like Murphy's, was committed within the historical Creek reservation.

After the court ruled 5-4 that McGirt should have been tried in federal — rather than state court — he was indicted by a federal grand jury in Muscogee and convicted in November

**EXHIBIT 2**

of two counts of Aggravated Sexual Abuse In Indian Country, and one count of Abusive Sexual Contact in Indian Country.

Murphy has been charged with murder and kidnapping in federal court in Muskogee.

Clint Johnson, the acting U.S. attorney for the Northern District of Oklahoma, based in Tulsa, said Thursday, "So far in 2021, the Northern District of Oklahoma has welcomed a team of new Assistant U.S. Attorneys, legal support staff and victim specialists to help address the increased caseload resulting from the changing jurisdictional landscape in Oklahoma, and we continue to advocate for more federal resources.

"Rest assured, our office will work in close partnership with local District Attorneys, the Cherokee Nation Attorney General as well as local, state, tribal, and federal law enforcement agencies to ensure the continued provision of public safety for the people of northeastern Oklahoma."

Robert J. Troester, acting U.S. Attorney for the Western District of Oklahoma, based in Oklahoma City, said, "Since last year's Supreme Court decision in McGirt, we have been working closely with our tribal, federal, state, and local law enforcement partners to prepare for today's decision and to protect those living within the boundaries of the Chickasaw Nation. Our office will continue the ethical, vigorous, fair, and impartial enforcement of the laws of the United States for the benefit of our communities."

**EXHIBIT 2**